IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEICO INDEMNITY COMPANY,

        Plaintiff,

    vs.

KEVIN COWDEN, et al,

        Defendants.

Case No. 14-cv-745-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. 52). Included in the motion is Plaintiff's request for default judgment against Defendant Desiree Papproth which the Court construes as a Motion for Default Judgment. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and Motion for Default Judgment.

Plaintiff seeks a declaratory judgment that it owes no duty to defend or indemnify Defendants in connection with an automobile accident that occurred on November 23, 2013. The undisputed facts are that on November 23, 2013, Defendant Cowden was involved in a motor vehicle accident when the vehicle he was driving collided with a vehicle driven by Defendant Rives in which Defendant McCottrell was a passenger. (Doc. 52, Ex. B, D). The vehicle driven by Defendant Cowden was owned by Defendant Papproth at the time of the accident. (Doc. 52, Ex. D, B). At the time of the accident, Defendant Cowden was delivering a pizza for Belleville Pizza East, Inc. d/b/a Imo's Pizza. (Doc. 52, Ex. D, E, F).

On January 2, 2014, Defendants Rives and McCottrell filed a lawsuit against Defendants Cowden and Papproth arising from the November 23, 2013 accident in St. Clair County, Illinois Circuit Court (Doc. 52, Ex. H). Defendant Cowden sought liability coverage in that underlying

1

lawsuit under an automobile insurance policy issued to him and Defendant Papproth by Plaintiff. (Doc. 52, Ex. H). The policy number was 411-41-19-72, and it was in effect at the time of the collision. (Doc. 52, Ex. A). Plaintiff filed this action for declaratory judgment based on its assertion that no coverage is owed under the insurance policy.

## Default Judgment

Due to her failure to file an Answer or otherwise respond to Plaintiff's Complaint, a Clerk's Default was entered against Defendant Desiree Papproth on February 24, 2015 (Doc. 48). As of this date, the defendant has not entered an appearance or taken any action to vacate the entry of default. Accordingly, Plaintiff's Motion for Default Judgment against Defendant Papproth is **GRANTED.**

## Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Summary judgment is particularly appropriate in the context of insurance coverage questions, because the interpretation of an insurance contract is a question of law. *See State Farm Fire & Cas. Co. v. Kleckner*, 551 N.E.2d 224, 226 (Ill. App. Ct. 1990). When an insurer seeks a declaratory judgment to determine whether it owes its insured a duty to defend, the existence of such a duty may be challenged by

"offering evidence to prove that the insured's actions fell within the limitations of one of the policy's exclusions." *Fidelity & Cas. Co. of New York*, 461 N.E.2d at 473.

In diversity cases, matters of insurance policy interpretation are matters of state law. *See Nation Athletics Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008); *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004). Here, the applicable law is the law of the State of Illinois. Under Illinois law, "[b]ecause an insurance policy is a contract, the rules applicable to contract interpretation govern the interpretation of an insurance policy." *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1003 (Ill. 2010). The primary goal in insurance policy interpretation is to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Id.* When the language is unambiguous, the provision will be applied as written. *Id.* at 1004 "A policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Id.* Courts should not "strain to find an ambiguity where none exists[.]" *Id.* Furthermore, A "strained, forced, unnatural or unreasonable construction [of an insurance policy], or one which would lead to an absurd result, must not be adopted." *U.S. Fire Ins. Co. v. Hartford Ins. Co.*, 726 N.E.2d 126, 128 (Ill. Ct. App. 2000).

In this case, the insurance contract states, in relevant part:

> Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.
> ***
> 2. To any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products except where ***bodily injury*** or property damage results from ***your*** occupancy of such a non-owned vehicle as other than the operator. A vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered. (Doc. 52, Ex. A)

Defendants Rives and McCottrell do not dispute the fact that Defendant Cowden was using the vehicle to deliver pizza for compensation at the time of the November 23, 2013 accident. However, Defendants argue that, because the above-referenced exclusion uses the language, "to

any vehicle," it applies only to vehicle damage, not to bodily injury claims.  This argument is not persuasive.

The Court finds that the relevant language of the policy is clear and unambiguous. The first sentence of the exclusion section states that Section I—which sets forth the Policy's liability coverage—will not apply in certain enumerated situations. The remaining provisions then set forth the situations in which Section I's liability coverage does not apply. Reading the section header and the introductory sentence along with the various exclusions, each of which starts with "to," clearly indicates that Section I's liability coverage will not apply "to any vehicle used to carry persons or property for compensation or a fee, including but not limited to the delivery of food . . . ." In other words, Section I liability coverage does not apply whenever any vehicle is used to deliver food for compensation regardless of the damages claimed. Furthermore, the food delivery exclusion creates an exception "where ***bodily injury*** or property damage results from ***your*** occupancy of such a non-owned vehicle as other than the operator." The exception would be meaningless if it was not intended to preclude coverage for both bodily injury and property damage.  As such, the exclusion clearly applies to the claims against Defendants Cowden and Papproth.

Defendants Rives and McCottrell also argue that Plaintiff's assertion it has no duty to defend cannot be supported by extrinsic evidence and that Plaintiff's duty to defend is broader than the duty to indemnify.  However, "although the duty to defend is ordinarily determined by examining the allegations of the underlying complaint, when an insurer seeks a declaratory judgment on the issue of coverage, it may present evidence to demonstrate that its policy does not cover the loss in question." *Gen. Ins. Co. of Am. v. Clark Mali. Corp*., 2011 WL 6182340, at *2 (N.D. Ill. Dec. 13, 2011); see also *Am. Econ. Insurance Co. v. Holabird & Root*, 886 N.E.2d

1166, 1175–78 (Ill.App.Ct.2008); *Fid. & Cas. Co. v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 473–74 (Ill.App.Ct.1983).  Accordingly, consideration of extrinsic evidence is appropriate and, when combined with the allegations of the Complaint, establishes that Plaintiff has no duty to either defend or indemnify Defendants under the policy at issue.

Finally, the Court notes that Defendant Cowden failed to respond to Plaintiff's motion. The Court may, it its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case.  Local Rule 7.1(c). Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendants Rives, McCottrell and Cowden.

The Clerk of Court is **DIRECTED** to enter Judgment as follows:

1) GEICO's auto policy issued to Defendants Kevin Cowden and Desiree Papproth does not provide any coverage for liability arising out of the automobile accident on November 23, 2013,

2) GEICO is not obligated to Defend Kevin Cowden or Desiree Papproth against any claims or actions or demands by Defendants Mark Rives and Sherri McCottrell arising out of the accident on November 23, 2013,

3) GEICO is not obligated to settle, compromise or contribute to any settlement or compromise of any claims, demands, or actions by Defendants Mark Rives and Sherri McCottrell, and

4) GECIO is not obligated to pay or satisfy, in whole or part, any judgment rendered in any present or future action by Defendants Mark Rives and Sherri McCottrell.


**IT IS SO ORDERED.**

**DATED:  6/16/16**

**/s/ Staci M. Yandle**
**STACI M. YANDLE**
**DISTRICT JUDGE**